IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RICHARD POST,
        Plaintiff,

v.                                                           Civil Action No. 3:18-cv-00358-JAG

HODGES LAW OFFICE, PLLC,
        Defendant.

## OPINION

The plaintiff, Richard Post, brings two claims for violation of the Fair Debt Collection Practices Act ("FDCPA") against the defendant, Hodges Law Office, PLLC ("Hodges"). Hodges has moved to dismiss Post's complaint for failure to state a claim. Because the FDCPA does not impose an affirmative duty to dismiss a pending lawsuit in response to a debt verification request, the Court will grant Hodges' motion to dismiss.

## I. FACTS ALLEGED IN THE COMPLAINT

Post resides in Mechanicsville, Virginia, in a neighborhood subject to the covenants of the Kings Charter Homeowners Association (the "HOA"). Post allegedly owed $3,271.34 to the HOA as a result of unpaid dues. The HOA assigned Hodges to pursue Post's unpaid dues. On March 21, 2018, Hodges filed a warrant in debt against Post in the Hanover County General District Court. At the time of filing, Hodges also sent a demand letter to Post detailing Post's validation procedure rights under the FDCPA.

On March 28, 2018, through Credit Repair Lawyers of America, Post sent Hodges a request for validation of the alleged debt. Hodges contacted the HOA, which validated the debt, and then sent a debt verification letter to Post on April 2, 2018. On April 12, 2018, Post

contacted the Hanover County General District Court, which informed Post that Hodges' warrant in debt action remained pending against him.

Post commenced this action on May 24, 2018, alleging violations of §§ 1692g(b) and 1692e(10) of the FDCPA. Hodges moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that leaving a lawsuit pending, without taking action to advance the litigation, does not constitute debt collection activity under the FDCPA.

## II. DISCUSSION[1]

If a consumer requests debt validation, § 1692g(b) of the FDCPA requires "the debt collector [to] cease collection of the debt . . . until the debt collector obtains verification of the debt" and mails the verification to the consumer. 15 U.S.C. § 1692g(b). A debt collector engages in debt collection activity, for example, when it initiates foreclosure proceedings, files a warrant in debt, or takes other action that would result in the collection of debt. *See, e.g., Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 378 (4th Cir. 2006) ("Defendants' foreclosure action was an attempt to collect a 'debt.'"); *Dikun v. Streich*, 369 F. Supp. 2d 781, 788 (E.D. Va. 2005) (finding that filing a warrant in debt after receiving a verification request without first verifying the debt violates the FDCPA).

---

[1] Hodges has moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Accordingly, the FDCPA prohibits debt collectors from commencing litigation in response to a verification request. *See Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp. 2d. 808, 827 (M.D.N.C. 2011). The FDCPA, however, imposes no obligation that debt collectors take affirmative actions to dismiss or cancel ongoing collection efforts. *See Humphrey v. Brown*, No. 09-CV-3429, 2011 WL 53081, at *3 (D. Md. 2011) (citing *Shimek v. Weissman*, 374 F.3d 1011, 1014 (11th Cir. 2004)) ("By its plain terms, the FDCPA requires only that a debt collector cease collection activity when a debt is disputed; it does not require the debt collector to take any affirmative action to cancel debt collection activity previously initiated."). A debt collector, therefore, does not violate § 1362g(b) when it initiates a debt collection action *before* receiving a verification request and takes no further steps in the collection action until after fulfilling the verification request. *See Shimek*, 374 F.3d at 1014 (holding that a debt collector need not prevent a court clerk from recording a previously filed lien after receiving a consumer verification request).

Although Hodges' warrant in debt action remained pending when Post requested debt verification, Hodges took no steps to advance the action during the verification period. Post argues that the continuing, active litigation constitutes an ongoing collection action. While taking an affirmative action in its litigation would constitute debt collection activity, Hodges took no action during the verification period. *Cf. Garcia-Contreras*, 775 F. Supp. 2d. at 827. The FDCPA did not require Hodges to dismiss the debt collection action that it initiated before Post's request for verification.[2] *See Humphrey*, 2011 WL 53081, at *3. Accordingly, Post has

---

[2] Post also asserts that Hodges violated § 1692e(10) of the FDCPA by failing to dismiss its lawsuit. Section 1692e(10) provides that a debt collector may not "use any false representation or deceptive means to collect or attempt to collect any debt or obtain any information concerning a consumer." 15 U.S.C. § 1692e(10). Post cites no authority to support the claim that leaving a lawsuit pending during the debt verification window constitutes a "false representation" or

failed to show that Hodges' conduct in leaving its state law claim pending amounts to a violation of the FDCPA.[3]

### III. CONCLUSION

For the reasons stated in this Opinion, Post has failed to state a claim upon which relief can be granted. Accordingly, the Court will grant Hodges' motion to dismiss.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: ~~October~~ 9 November, 2018
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

"deceptive means" of collecting debt. Under § 1692e, courts consider whether the collection efforts would mislead or deceive the "least sophisticated consumer." *Ramsay v. Sawyer Prop. Mgmt. of Md. LLC*, 593 Fed. App'x 204, 207 (4th Cir. 2014). In this case, Hodges followed the FDCPA debt notification and verification procedures and filed a state law warrant in debt action. In short, Hodges' conduct would not mislead or deceive the "least sophisticated consumer" in any way.

[3] Relying on *Garcia-Contreras*, Post argues that "[l]itigation is collection activity with respect to [the FDCPA]." 775 F. Supp. 2d at 824. In *Garcia-Contreras*, the debt collector filed a lawsuit *after* receiving the plaintiff's verification request and before providing a response to the plaintiff's request. *Id.* at 827. Here, Hodges filed suit *before* receiving a debt verification request and did not take any further action to advance the litigation after receiving the request. Post's reliance on *Garcia-Contreras*, therefore, is misplaced.

4